UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OLIVERA BAUMGARTNER-JACKSON AND ALVIN JACKSON | CIVIL ACTION |
| VERSUS | NO. 10-3228 |
| THE CITY OF NEW ORLEANS, ET AL. | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is a motion filed by Defendants seeking dismissal, pursuant to Rule 12(c) or Rule 56 of the Federal Rules of Civil Procedure, of Plaintiffs' claims. *See* Rec. Doc. 12. For the reasons stated herein, **IT IS ORDERED** that Defendants' motion is **GRANTED** to the extent that Plaintiffs' action is **DISMISSED WITHOUT PREJUDICE**.

A federal court must grant a motion to dismiss for lack of subject matter jurisdiction when it does not have the requisite statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996)). As the parties invoking federal court jurisdiction, Plaintiffs bear the burden of showing that jurisdiction exists. *Dow v. Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003). Among other assertions made in support of their motion, Defendants contend that the Court lacks subject matter jurisdiction over this action. Having carefully considered applicable law, and the parties' submissions, including the opinions of the Louisiana Supreme Court and the Louisiana Fourth Circuit Court of Appeal, as

well as Plaintiffs' original and amended petitions, from the related state court action,[1] this Court, being one of limited jurisdiction, finds that it must agree with Defendants' assertion relative to the absence of jurisdiction.

Here, Plaintiffs purportedly seek relief based on rights provided by the United States Constitution. On the showing made, however, the Court can only conclude that Plaintiffs essentially ask it to review dispositive rulings made by the state courts, and/or consider claims that should have been fully addressed in state court system, and then, if unsuccessful, presented to the United States Supreme Court for appropriate remedial action. *See* 28 U.S.C. § 1257. This Court is not authorized to do either. *See District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Specifically, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow,* 204 F.3d 613, 615 (5th Cir. 2000). As explained by the Fifth Circuit in *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994), state court errors regarding federal constitutional issues are "to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."

Accordingly, "the [subsequent] casting of a complaint in the form of a [federal court] civil rights action cannot circumvent this rule. . . ." *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994). Thus, if a federal district court is confronted with issues that are "inextricably intertwined" with a state judgment, it is "in essence being called upon

---

[1] *See Olivera Baumgartner-Jackson and Alvin Jackson v. The City of New Orleans, et al.,* Civil Action No. 08-08511, Division "J", Civil District Court for the Parish of Orleans, State of Louisiana.

to review the state-court decision," which the originality of the district court's jurisdiction precludes. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).  Nor does "a petitioner's failure to raise his constitutional claims in state court [] mean that a United States District Court should have jurisdiction over the claims." *Feldman*, 460 U.S. at 4483, n.16.  Rather, "[a]fter *Feldman*, the federal courts are without jurisdiction over a plaintiff's claims that could have been raised, but were not." *See Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 n.15 (5th Cir.1994).

Applying the foregoing legal principles to Plaintiff's action, the Court finds that it lacks jurisdiction over Plaintiff's action.  As such, Plaintiffs are precluded from pursuing their claims in this Court.

New Orleans, Louisiana, this 11th day of October 2011.

                                                 **KURT D. ENGELHARDT**
                                                 **United States District Judge**